UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DIRECTV, INC., FAIR LABOR STANDARDS
ACT (FLSA) AND WAGE AND HOUR LITIGATION                MDL No. 2594


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Plaintiffs in eleven actions move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in any convenient, accessible district. Plaintiffs suggest in a footnote to their motion that the Central District of California or the District of Colorado would be acceptable transferee forums; in a later filing, plaintiffs also suggest, without elaboration, the Northern District of Illinois be selected as the transferee forum.  Defendants DIRECTV, Inc., and DIRECTV, LLC (collectively DIRECTV), DirectSat USA, LLC,[1] DTV Home Services II, LLC, MasTec North America, Inc., and Multiband Corp. oppose centralization.  This litigation currently consists of eleven actions, pending in ten districts, as listed on Schedule A.[2]

Plaintiffs are technicians who installed or repaired DIRECTV's satellite television equipment.  Plaintiffs generally allege that DIRECTV wrongly classified them as independent contractors of subordinate intermediaries to avoid the reach of federal and state wage and hour laws. Plaintiffs describe this business practice as a "fissured employment" scheme.[3]  Plaintiffs state that DIRECTV formed and controlled its provider network through similar provider agreements with companies known as Home Service Providers (HSPs).  DIRECTV and certain HSPs are defendants in the actions, though not every HSP is a defendant in every action.  Plaintiffs contend that they were

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] In early November 2014, DirectSat USA, LLC, and affiliated companies filed for Chapter 11 bankruptcy.  On January 13, 2015, DirectSat emerged from bankruptcy and the automatic stay was lifted.

[2] The parties have notified the Panel of the pendency of 30 additional, potentially related actions.

[3] According to plaintiffs, fissured employment describes the practice of a large company attempting to shed its role as a direct employer and purporting to disassociate itself from the workers responsible for its services and products (albeit maintaining tight control over the method, manner, quantity, and quality of production).

-2-

paid on a per-task basis that did not properly compensate them for their hours worked and overtime wages.[4] Plaintiffs bring their claims on an individual basis only and seek to hold DIRECTV and other HSP defendants liable as "joint employers" under various state wage and hour laws and the Fair Labor Standards Act.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. All actions do involve questions of fact as to the classification of DIRECTV service and installation technicians as independent contractors, as well as questions about whether DIRECTV and the provider network defendants are joint employers of the plaintiffs under the FLSA and the propriety of the allegedly uniform piece-rate pay system under which plaintiffs were paid. Plaintiffs state that they expect a total of 45 cases encompassing the claims of approximately 474 plaintiffs.

Despite the overlap in plaintiffs' allegations and the number of pending cases, we are not convinced that centralization will deliver significant benefits in terms of enhancing the efficient conduct of these actions or convenience to the parties. The issue of whether an individual is an employee or an independent contractor involves multiple factors, which require individualized inquiry. The motion practice directed to the individual claims of nearly 500 plaintiffs, which implicate over 30 state laws, very well could overwhelm a single judge. Plaintiffs worked for potentially hundreds of subcontracting entities, which plaintiffs characterize as fly-by-night operations, and inquiry into those non-parties may prove complicated and require significant localized discovery efforts.[5] Denying centralization will keep the actions pending in the state where plaintiffs worked and where, presumably, relevant witnesses and documents may be found.

Moreover, many of these same plaintiffs, through the same counsel, brought similar claims against DIRECTV in a collective action that was voluntarily decertified in 2013.[6] According to the

---

[4] Plaintiffs allege that they performed a number of other duties for defendants besides the tasks defendants designated as compensable. Further, plaintiffs allege that they were subjected to "chargebacks" or deductions from their pay for problems arising after installations that were often out of plaintiffs' control.

[5] *See In re: CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 79 (J.P.M.L. 2010) (discussing three broad circumstances in which centralization wage and hour litigation is less compelling: (1) when the duties of the subject employees appear subject to significant local variances or would entail significant localized discovery; (2) when the defendants and/or some of the plaintiffs oppose centralization; and (3) when only a few actions or procedurally dissimilar actions are involved in the litigation).

[6] *See Lang, et al. v. DirecTV, Inc., et al.,* C.A. No 10-1085 (E.D. Louisiana, filed April 9, 2010).

-3-

parties own account in that case, substantial discovery took place.[7] Even if these actions require further common discovery of DIRECTV and certain higher-level HSPs, centralization is not necessary. This litigation may grow to 45 actions, but plaintiffs and defendants across the actions are represented by common counsel. Where so few counsel are involved, discovery should be coordinated by the parties efficiently without centralization. Defendants appear willing to litigate these actions in a state-by-state manner, and we encourage the parties to undertake various alternatives to transfer, such as allowing discovery already produced in prior actions to be used in the present actions, to minimize any risk of inconsistent rulings or duplicative discovery. *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liability Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

---

[7] "The parties have conducted extensive discovery in this matter, including, but not limited to, taking dozens of depositions, issuing third-party subpoenas, developing and exchanging a comprehensive plaintiff questionnaire, responding to written discovery, and producing tens of thousands of pages of material (in addition to millions of lines of data). The parties have also exchanged expert reports and are in the process of taking expert depositions and exchanging supplemental reports." *Lang*, doc. 466 at 2-3 (Aug. 30, 2013).

**IN RE: DIRECTV, INC., FAIR LABOR STANDARDS
ACT (FLSA) AND WAGE AND HOUR LITIGATION**                MDL No. 2594

## SCHEDULE A

<u>Central District of California</u>

JONES, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:13-08108
ADDISION, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:13-08109

<u>District of Colorado</u>

SAIS v. DIRECTV, INC., ET AL., C.A. No. 1:14-02050

<u>District of Connecticut</u>

GRETTLER, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 3:14-01052

<u>Northern District of Illinois</u>

ANAYA, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 1:14-05703

<u>District of Maryland</u>

HALL, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 1:14-02355

<u>District of Minnesota</u>

SCHMIDT, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 0:14-03000

<u>District of New Jersey</u>

DEMARCO, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 3:14-04623

<u>Southern District of New York</u>

MULLINGS, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 1:14-05743

<u>Eastern District of Pennsylvania</u>

FIELDS, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:14-04427

<u>Eastern District of Wisconsin</u>

MCCAFFERY, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:14-00877