IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02854-MJW

ERIC ALDRICH,
JIMMY CARPENTER,
MIKE ANTRAM,
MARVIN MARTINEZ, and
CLIFF SCHMIDT,

Plaintiff,

v.

DIRECTV, INC. and
DIRECTV, LLC,

Defendant.

---

**ORDER ON
MOTION TO DISMISS (Docket No. 15)
and
PLAINTIFFS' MOTION FOR PERMISSION TO SEEK LEAVE TO AMEND SHOULD
COURT GRANT DEFENDANTS' MOTION TO DISMISS (Docket No. 24)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned by Chief Judge Marcia S. Krieger on December 29, 2014, for all purposes upon consent of the parties pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c). (Docket No. 14).

In this action, five individual plaintiffs bring claims against DIRECTV, Inc., and DIRECTV, LLC, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Colorado Minimum Wage of Workers Act ("CMWWA") and applicable Colorado Minimum Wage Orders, § 8-6-101, *et seq.*, C.R.S., 7 Colo. Code Regs. §

2

1103-1, *et seq.*, and the Colorado Wage Claim Act ("CWCA"), § 8-4-101, *et seq.*, C.R.S.

Defendants[1] now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) "for failing to meet the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, *Twombly*, and *Iqbal*." (Docket No. 15 at 3).  Plaintiffs filed a Brief in Opposition (Docket No. 23) as well as a Motion for Permission to Seek Leave to Amend Should Court Grant Defendants' Motion to Dismiss (Docket No. 24). Defendants filed a Reply in Support of Motion to Dismiss (Docket No. 25) and Opposition to Plaintiffs' Motion (Docket No. 26).  Finally, plaintiffs filed a Reply in Support of their motion (Docket No. 29).  The court has carefully considered all of these motion papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file, including the Complaint. The court now being fully informed makes the following findings, conclusions of law, and Order.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The Court's function on a Rule 12(b)(6) motion . . . is not to weigh potential evidence that the parties might present at

---

[1]Defendants note in their motion to dismiss (Docket No. 15 at 1, n.1) that effective January 1, 2012, DIRECTV, Inc., merged into DIRECTV, LLC, and out of existence.  Therefore, they assert that although plaintiff have named two defendants, only one, DIRECTV, LLC, currently exists.  This court, however, will refer to "defendants" throughout this Order inasmuch as the Complaint has not been amended to reflect the existence of only one defendant.

3

trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim." Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Investment II, LLC, 2014 WL 4400764, at *2 (D. Colo. Sept. 5, 2014). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and

4

specificity of the allegations required to state a plausible claim will vary based on context.'" Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

Here, the court has very carefully reviewed the Complaint and the defendants' allegations in their motion concerning the alleged pleading deficiencies.  The court finds, however, that the Complaint adequately pleads enough facts to state plaintiffs' claims for relief that are plausible on its face and complies with Rule 8(a)(2).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Motion to Dismiss (Docket No. 15) is **denied**.  It is further

**ORDERED** that Plaintiffs' Motion for Permission to Seek Leave to Amend

5

Should Court Grant Defendants' Motion to Dismiss (Docket No. 24) is **denied as moot**.

Dated: May 20, 2015             s/ Michael J. Watanabe
       Denver, Colorado      Michael J. Watanabe
                                          United States Magistrate Judge