IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02854-MJW

ERIC ALDRICH, et al.

    Plaintiffs, v.

DIRECTV, LLC, et al.

    Defendants.

---

# STIPULATED PROTECTIVE ORDER (Docket No. 54-1)

---

The Parties, by their respective counsel, hereby stipulate to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c). To protect trade secret and/or confidential research, development or commercial information, information protected from disclosure by 47 U.S.C. § 338(i), information and documents which may be protected by the attorney-client privilege and the tangible or intangible work product doctrines, and/or private information related to this litigation, it is HEREBY ORDERED that:

1.    Any document or information produced or disclosed pursuant to the terms of this Protective Order cannot be used for any purpose other than this lawsuit. Thus, information and documents produced through discovery and designated as "Confidential" may be disclosed only to: (a) a party, (b) recognized counsel for the parties in this case, and their staff and other attorneys in their firms, namely: LEAR WERTS LLP and STUEVE SIEGEL HANSON LLP, Attorneys for Plaintiffs and DAVIS GRAHAM & STUBBS LLP and LITTLER MENDELSON, P.C., Attorneys for Defendants, (c) witnesses, (d) experts and consultants retained by a party for

assistance in trial preparation or for testimony, (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, (f) the Court and its personnel, and (g) for use in trial. The designation "Confidential" may be invoked in good faith by a producing party with respect to items of discovery produced through this litigation which the producing party or non-party reasonably believes not to be in the public domain and contains any confidential, strategic, research, development, or commercial information or private, personal or personnel information, and information and documents which may be protected by the attorney-client privilege and the tangible or intangible work product doctrines.

2. Any document designated by a party as "Attorneys' Eyes Only" may be disclosed only to: (a) recognized counsel for the parties in this case, and their staff and other attorneys in their firms, namely: LEAR WERTS LLP and STUEVE SIEGEL HANSON LLP, Attorneys for Plaintiffs and DAVIS GRAHAM & STUBBS LLP and LITTLER MENDELSON, P.C., Attorneys for Defendants, (b) experts and consultants retained by a party for assistance in trial preparation or for testimony, (c) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, (d) the Court and its personnel, and (e) for use in trial. As used herein, the designation "Attorneys' Eyes Only" may be invoked in good faith by a producing party only with respect to Confidential Information which the producing party or non-party reasonably

believes to be: (1) a trade secret or so competitively sensitive that it is entitled to extraordinary protections or (2) non-public financial information about a person or party.

3. Confidential Information or Attorneys' Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if: the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a corporate designee; the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

5. The parties recognize that the Satellite Television and Localism Act of 2010, 47 U.S.C. § 338(i), (the "Act") prohibits the disclosure of personally identifiable information concerning any satellite subscriber without the prior written consent of the subscriber concerned.

Accordingly, the parties agree that if personally identifiable information concerning any satellite subscriber is inadvertently produced, the party identifying the disclosure will notify the other party and the party in possession of the information will return such documents and all copies to the producing party after the producing party has produced redacted copies of such documents. The receiving party will not use the satellite subscriber's personally identifiable information for any purpose. The producing party will reproduce the inadvertently disclosed materials with the personally identifiable information redacted. The parties agree that the return of any documents designated to be covered by the Act will occur immediately upon production of redacted copies of those documents despite any dispute over whether the documents are covered by the Act. If a party wishes to challenge the designation of documents as protected by the Act, the parties agree that only copies of documents that do not contain, or that have personally identifiable information concerning satellite subscribers redacted will be submitted to the Court.

6. All experts retained by a party for assistance in trial preparation or for testimony will be provided a copy of this Protective Order and be made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality.

7. This Protective Order will not prohibit the use of Confidential Information in depositions of witnesses allowed access to such documents under the terms of this Protective Order and/or trial.

8. A party may designate information disclosed at a deposition as Confidential or Attorneys' Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date the transcript of the

deposition is received from the Court reporter to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential or Attorneys' Eyes Only Information.

9. The parties shall act to protect from public disclosure all information produced through discovery and designated Confidential or Attorneys' Eyes Only.

10. If any party wishes to modify this Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Order will govern.

11. Notwithstanding the claw back provision in paragraph 5, if any party wishes to challenge a designation under this Order, the parties shall first request a changed designation from the producing party, and, if no satisfactory agreement is reached, may petition the Court to challenge a designation at any time prior to termination of this lawsuit. Until a change to a designation is granted by agreement or order, the producing party's designation will govern.

12. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

13. This Order shall not preclude the Court or its personnel from reviewing any documents or information as necessary for the conduct of this litigation, except for documents containing personally identifiable information concerning satellite subscribers, which shall only

be submitted to the Court consistent with paragraph 5. Confidential or Attorneys' Eyes Only documents filed with the Court shall be filed under ~~seal~~ Restricted Access Consistent with D.C.Colo.LCivR 7.2.

14. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents designated Confidential or Attorneys' Eyes Only Information, and to certify to the producing party such destruction or return upon request. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

15. This Order shall apply to any person or entity from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in this proceeding, through subpoena or otherwise, may designate such documents, things or information or testimony as Confidential or Attorneys' Eyes Only under the terms of this Order. Third party discovery designated under this Order shall be treated by the parties in accordance with the provisions of this Order as if such documents, things or information or testimony were produced or provided by a party to this action.

Dated this 8th Day of December 2015.

SO ORDERED:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO
*[Margin annotation: MJW 12/8/15]*

Stipulated as to form and substance:

| | |
|---|---|
| */s/ Todd C. Werts* | */s/ Brett C. Painter* |
| Todd C. Werts | Brett C. Painter |
| Lear Werts LLP | Davis Graham & Stubbs LLP |
| 2003 W. Broadway, Ste. 107 | 1550 17th Street, Ste. 500 |
| Columbia, MO 65203 | Denver, CO 80202 |
| Telephone: 573-875-1991 | Telephone: 303-892-9400 |
| Facsimile: 573-875-1985 | Facsimile: 303-893-1379 |
| Email: werts@learwerts.com | Email: brett.painter@dgslaw.com |
| | |
| George A. Hanson | Patricia J. Martin |
| Stueve Siegel Hanson LLP | Littler Mendleson, PC |
| 60 Nichols Road, Suite 200 | 211 North Broadway, Ste. 1500 |
| Kansas City, MO 64112 | One Metropolitan Square |
| Telephone: 816-714-7100 | St. Louis, MO 63102 |
| Facsimile: 816-714-7101 | Telephone: 314-659-2011 |
| Email: hanson@stuevesiegel.com | Facsimile: 314-659-2099 |
| | Email: pmartin@littler.com |
| Ryan D. O'Dell | **ATTORNEYS FOR DEFENDANT** |
| 500 West C Street, Suite 1750 | |
| San Diego, CA 92101 | |
| Telephone: 619-400-5822 | |
| Facsimile: 619-400-5832 | |
| Email: odell@stuevesiegel.com | |
| **ATTORNEYS FOR PLAINTIFFS** | |